FREDERICK WEIGER *et al.*

*v.*

GEORGE W. GOULD.

1. SALE — *of grain, must be such as is represented.* Where a party offering to sell represents that he has good white oats such as the purchaser is giving 40 cents a bushel for, he can not deliver oats not merchantable, but which are wet, dirty, and heating, and collect the price.

2. CONTRACT — *as to price of grain sold.* Where one party, claiming to have sold his oats to the other for 40 cents a bushel, delivers a couple of loads, when a discussion arises as to the price, the alleged purchaser denying that he had agreed to purchase at any price, and finally, after deliberation, it is agreed that the latter will take the oats delivered and a certain number of other loads at 28 cents a bushel, and the balance is delivered and paid for under the last arrangement, the seller will be concluded by the last contract, even if there was a prior one, and can not afterwards sue and recover for the difference between 28 and 40 cents a bushel.

APPEAL from the Circuit Court of DuPage County; the Hon. H. H. CODY, Judge, presiding.

This was a suit originally brought by George W. Gould against Frederick Weiger and John W. Gates, to recover a balance claimed to be due for 682 bushels of oats sold and delivered. On appeal to the circuit court the plaintiff recovered.

Messrs. BOTSFORD & BARRY, for the appellants.

Messrs. E. H. & N. E. GARY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The evidence in this case wholly fails to sustain the verdict. It appears that appellee, and appellants, who were grain merchants, had some conversation in reference to the sale of the crop of oats of the former to the latter. Appellants said they were giving 40 cents per bushel for good white oats, and appellee claims they agreed to give him that price for his; but they deny that they so agreed, or ever purchased

or agreed to take his oats.   Some days subsequently appellee delivered four wagon loads in their bin, and brought two more on the next day, when a discussion arose as to the price appellants were to pay — appellee claiming it was 40 cents, and appellants that they had not agreed to give any price.   They then proposed that he might take them away, or they would ship and sell them, pay to him the proceeds, less 2 cents commission, or they would pay him 28 cents per bushel.   After some time he returned, and brought with him, to witness the agreement, Bradley, when it was agreed that they should pay appellee 28 cents a bushel for the four loads delivered, the two on the ground ready for delivery, and two more loads he was to bring afterwards. All of the oats were delivered, and the money paid to appellee at that price, and it was received by him, as appellants swear, without objection, — but he swears that it was under protest.   The jury found a verdict in favor of plaintiff for $35.39, and after overruling a motion for a new trial the court rendered judgment on the verdict.   Defendants appeal.

We think it clear from the evidence that the oats, so far from being good white oats, were, on the contrary, wet, dirty, and in very bad condition.   The evidence shows they were heating in the bin, and appellee admits that on the day after the first were delivered they were warm.   They were manifestly not merchantable, and there can be no pretense that they were of the quality for which appellants said they were paying 40 cents a bushel.   Nor do we see that any contract was made for the purchase of these oats at that price ; but even if one had been proved, the oats delivered would not have filled it, as there can be no just claim that the oats were of the quality specified, and hence appellants were not bound to receive them even if there had been such an agreement as appellee claims.

But above all, the matter was adjusted, after full deliberation, on the basis that appellee was to have 28 cents per bushel for all of his oats, and it was settled and he received the money for all he delivered, at that price — never demanded

any more, till he brought suit; and he was so anxious to bind appellants to pay that price — for not only what he had, but also what he was to deliver — that he took with him a witness, that he could afterwards prove the contract. He deliberately chose this of the three propositions made by appellants. The entire evidence tends strongly to prove that he regarded this as a final and binding adjustment and settlement of the whole transaction. The dispute formed a sufficient consideration for the compromise and adjustment, and it was deliberately entered into, and must be held to control and bind the parties to it. To permit appellee to recover, would be to allow him to profit by a breach of his agreement, fairly, deliberately, and intelligently entered into and fully carried out and consummated. The law can not sanction such a recovery, and the judgment of the court below must be reversed.

*Judgment reversed.*